IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIE JAMES BURRELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-207 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIE JAMES BURRELL. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's Motion to Dismiss the petition as time barred be GRANTED and petitioner's petition be DISMISSED.

I.
PROCEDURAL HISTORY

On June 4, 2007, petitioner pled guilty to aggravated robbery. As a result of his guilty plea, he was unable to initiate any direct appeal of the judgment. Petitioner did, however, pursue state post-conviction relief by filing a state application for habeas corpus on September 2, 2008. The state application for habeas corpus relief was denied without written order on October 29, 2008.

Petitioner then filed his federal application for habeas corpus relief on November 4, 2008. In response to this Court's Order to Show Cause, the respondent filed a motion to dismiss the petition as time barred.

## II.
## PETITIONER'S GROUNDS OF ERROR

Petitioner appears to assert the following six grounds of error:

1. Petitioner's plea was involuntary because he was not competent at the time he entered it.

2. Petitioner received ineffective assistance of counsel because his attorney refused to take the case to trial and present a defense, but rather insisted on petitioner accepting the negotiated deal.

3. Petitioner's due process rights were violated because he was denied a jury trial by his court-appointed counsel.

4. Petitioner was denied the right to counsel because his attorney worked in unison with the prosecutor.

5. Petitioner's due process rights were violated because he was incompetent when judgment issued.

6. Petitioner's conviction and sentence were void from inception because he was never adjudicated by a jury to be competent to stand trial.

## III.
## STATUTE OF LIMITATIONS

*A. One Year Filing Deadline*

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*B. The Time Line in Petitioner's Case*

Petitioner's claims relate only to the validity of the June 4, 2007 judgment. The record does not reflect that any unconstitutional State action impeded petitioner in filing his federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's twelve-year sentence on June 4, 2007 following petitioner's plea of guilty. Petitioner's conviction became final thirty days after the date of the

judgment, which was July 4, 2007.[1]  Under the AEDPA, any federal habeas application challenging petitioner's state conviction and sentence was due on or before July 4, 2008.  Because July 4, 2008 was a federal holiday, petitioner's pleading would have been timely if filed on or before July 5, 2008, absent any tolling under 28 U.S.C. section 2244(d)(2).

Petitioner never directly appealed his conviction.  He did, however, file in state court an application for habeas corpus relief on September 2, 2008.  Because this was almost two months after the AEDPA limitations period had run, it did not statutorily toll the limitation period for filing a federal habeas application.  The state application was denied without written order on October 29, 2008.  Six days later, on November 11, 2008, petitioner filed this petition.  Because the petition, which was due in July of 2008, was not filed until November of 2008, and because no tolling is applicable, the instant petition is time barred under the one-year AEDPA limitations period.

In response to respondent's motion to dismiss, petitioner's sole argument is that the judgment was void from its inception because he was incompetent at the time he entered his plea of guilty.  Petitioner reasons that a judgment void *ab initio* is not subject to the one-year limitations period and can be challenged at any time under Rule 60(b)(4), presumably of the Federal Rules of Civil Procedure.  Petitioner fails to recognize the distinction between a Rule 60(b)(4) motion and a habeas corpus petition.  The AEDPA creates a specific time frame in which a petitioner must file a habeas corpus petition.  Petitioner failed to file his petition within the mandated time period.

---

[1] The Texas Rules of Appellate Procedure mandate a conviction becomes final thirty days after the date of judgment, which is the time period during which a defendant may file a notice of appeal.  TEX. R. APP. P. 26.2(a)(1). The petitioner in the instant case, however, waived his right to any appeal by virtue of his plea bargain.  For this reason, respondent urges petitioner should not receive credit for the additional thirty-day time period.  Respondent has not presented, nor has this Court discovered, any case from the Texas Court of Criminal Appeals stating a judgment in a plea bargain case is final on the day of conviction and an appellant should not receive credit for the additional thirty days.  Regardless of the validity of respondent's reasoning, the Court gives petitioner the benefit of the doubt and calculates his time line with credit for the thirty days after the day judgment issued.

*C. Equitable Tolling*

While petitioner does not argue for equitable tolling, this Court has considered whether it would be applicable. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1991) (stating "[a] court can allow an untimely petition to proceed under the doctrine of equitable tolling in extraordinary circumstances").

> As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly.

*Id.* The Fifth Circuit has "recognized the possibility that mental incompetency might support equitable tolling of a limitation period." *Id.* at 715. Thus, if a petitioner can demonstrate his mental incompetency caused the delay in filing his federal habeas corpus petition, then equitable tolling could apply so as to allow the district court to reach the merits of the case notwithstanding its tardiness in being filed. *See id.*

Petitioner Burrell, however, has *never* stated that mental incompetence was the cause of his missing the AEDPA deadline, and this Court is disinclined to assert an entirely new argument on petitioner's behalf. While petitioner presents an un-dated competency evaluation stating his IQ of sixty-six falls within the "mildly retarded range of intelligence," he never argues this factor prevented him from timely filing this petition. (Petition for a Writ of Habeas Corpus by a Person in State Custody, Exhibit A, pg. 4). Further, the fact that petitioner was only two months late in filing the state petition and filed his federal petition six days after the state disposed of his petition indicates petitioner understood there was some urgency in prosecuting his applications. *See Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003) (indicating a petitioner's purported mental incompetence during the four years between when judgment became final and when he filed his federal habeas

corpus petition would require equitable tolling).

Moreover, as demonstrated by the record in this case, there is no evidence petitioner actually suffers from mental incompetence. In the "Felony Plea Memorandum" signed by petitioner on June 4, 2007, petitioner's signature appears directly below the statement, "The defendant is mentally competent now and was sane at the time of the commission of the offense." (Record upon Application for Writ of Habeas Corpus, case number WR-70,817-01, pg. 33). Petitioner additionally acknowledged (with a separate signature) that "I am now mentally competent to stand trial and I was sane at the time of the commission of the offense to which I have pled." (*Id.*). In the Felony Plea Memorandum, petitioner's attorney stated, "it is my opinion that said defendant is mentally competent to stand trial and is able to and does understand the nature and consequences of these proceedings." (*Id.*). In its judgment, the trial court stated that the defendant appeared competent to stand trial. (*Id.* at pg. 42).

The district attorney filed a brief in response to petitioner's state habeas corpus application and attached to it an affidavit from petitioner's trial attorney. In that affidavit, petitioner's attorney explained that the petitioner mentioned he was on medication, a fact which the attorney verified; the attorney subsequently drafted a motion for psychological evaluation based on incompetency. (*Id.* at pg. 22). Before his attorney could file the motion, however, petitioner contacted him by letter and stated "that he wanted to take the deal as he did not want to face the possibility of life in prison, if convicted." (*Id.* at pg. 22-23). The attorney "confirmed his wishes and set the case for a plea." (*Id.* at pg. 23). But the attorney "made sure that he [Burrell] did not want me to go ahead and file the motion for psychological evaluation as it was not a problem to have him evaluated." (*Id.*). Petitioner confirmed that he did not want a psychological evaluation performed. (*Id.*).

In the affidavit, petitioner's attorney reiterated that "[t]here was no doubt in my mind that Mr. Burrell knew and understood the charges against him and the potential consequences of a not guilty or a guilty verdict," and that "at no point during any of our conversations did he not appear to have a very good grasp of the situation and the consequences based upon a trial." (*Id.*). "Along with his understanding and recollection of what he said in his statement and his conversations to me it was my belief that Mr. Burrell was competent to stand trial and that he knew what he was doing." (*Id.*).

All of these statements found in the record demonstrate that the last time petitioner was before a court he was mentally competent. Nothing has been presented showing petitioner became mentally incompetent immediately after he pled guilty so as to prevent him from timely filing his habeas corpus petition.[2] This is especially convincing in light of the fact that petitioner himself never makes the argument that his mental incompetence should excuse his late filing. Without any equitable tolling, petitioner's claims are time barred and this petition should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIE JAMES BURRELL be DISMISSED as time barred.

---

[2] The substance of petitioner's argument appears to be that his IQ of sixty-six rendered him mentally incompetent to enter into a plea bargain. The Court notes it is unlikely a petitioner would be found mentally incompetent on these grounds alone, for while the Supreme Court has declared that it is unconstitutional to give the death penalty to a man with an IQ of fifty-nine, it has never held that a person with a low IQ is categorically incompetent to stand trial or enter into a plea agreement. *See Atkins v. Virginia*, 536 U.S. 304, 309-10, 122 S. Ct. 2242, 2245, 153 L. Ed. 2d 335 (2002). Under this reasoning, it is likewise unlikely that equitable tolling would, per se, be available to a person with an IQ of sixty-six.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).